UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RONALD R. FAULKNER;
DANIEL R. FAULKNER;
KEVIN S. HAWKINS, as Trustee of the KEVIN
 S. HAWKINS REVOCABLE TRUST; and
CAROLE JEAN JORDAN, as TAX COLLECTOR for
 INDIAN RIVER COUNTY,

    Defendants.

_____/

## COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS

The United States of America, by and through its undersigned representative, complains and alleges as follows:

1. The United States brings this suit to reduce to judgment Ronald R. Faulkner's unpaid federal income taxes for tax years 1999 – 2002 and 2005 – 2008, and to foreclose the federal tax liens against real property belonging to that taxpayer.

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States under 26 U.S.C. §§ 7401 and 7403.

*Jurisdiction and Venue*

3. This Court has jurisdiction to hear the action pursuant to 28 U.S.C. §§ 1331 and 1340, as well as 26 U.S.C. § 7402(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the federal tax liabilities at issue accrued in Indian River County, Florida, within this District, the taxpayer resides in this District, and the real property at issue is situated within this District.

*The Parties*

5. Ronald R. Faulkner is the taxpayer who owes the unpaid federal income taxes we seek to collect in this action.  He was married to Joanne Crist Faulkner, who died intestate on April 14, 2015, and is an heir of her estate.

6. Daniel R. Faulkner is the son of Ronald and Joanne Faulkner.  Daniel may also be an heir Joanne Faulkner's estate, and may claim an interest in the real property at issue through deeds filed in the public records of Indian River County, Florida and attached as **Exhibits A** and **B**.

7. Kevin S. Hawkins is the Trustee of the Kevin S. Hawkins Revocable Trust, who may claim an interest in the real property at issue through a mortgage recorded in the public records of Indian River County, Florida and attached as **Exhibit C**.

8. Carole Jean Jordan is the Tax Collector for Indian River County, Florida, and may claim an interest in the real property at issue in this matter for unpaid property taxes.

*The Real Property*

9. The first parcel of real property at issue in this matter ("Property 1") is located at 7556 15th St., Vero Beach, FL, and is more particularly described as:

> Lot 63A, Pointe West Central Village Phase II PD, according to
> the plat thereof recorded in Plat Book 16, Page 30, 30A and 30B,
> Public Records of Indian River County, Florida.

10. The second parcel of real property at issue ("Property 2" and with Property 1,

collectively, the "Subject Properties") is located at 2135 Island Drive, Vero Beach, FL, and is more particularly described as:

> Lot 8, Replat of St. Christopher Harbor, according to the map or plat thereof, as recorded in Plat Book 9, Page(s) 5, of the Public Records of Indian River County, Florida.

COUNT I – REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT

11. Ronald R. Faulkner filed federal income tax returns for tax years 1999 – 2002 and 2007 – 2008. Each return reported a tax liability, but Faulkner did not remit the full amount of the tax reported. The tax returns for tax years 1999 – 2002 were all filed late, on or about September 21, 2006.

12. On the dates and in the amounts set forth in the following table, a delegate of the Secretary of the Treasury properly assessed against Ronald R. Faulkner the federal income taxes he reported on the returns described in paragraph 11, above, plus interest and statutory additions:

| TAX TYPE | TAX PERIOD | ASSESSMENT DATE | ASSESSED TAX | ASSESSED INTEREST | ASSESSED PENALTY |
|---|---|---|---|---|---|
| 1040 | 12/31/1999 | 11/27/2006 | $19,221.00 | $12,146.94 | $4,324.72*<br>$4,805.25^<br>$706.27** |
| 1040 | 12/31/2000 | 12/04/2006 | $20,656.00 | $9,855.77 | $4,647.60*<br>$5,164.00^<br>$1,110.98** |
| 1040 | 12/31/2001 | 12/11/2006 | $14,170.00 | $5,168.31 | $3,165.75*<br>$3,517.50^<br>$560.77** |
| 1040 | 12/31/2002 | 12/18/2006<br><br>05/07/2007 | $17,470.00 | $4,929.09 | $3,930.75*<br>$3,930.75^<br>$584.00**<br>$436.75^ |
| 1040 | 12/31/2007 | 11/03/2008 | $59,198.00 | $1,847.75 | $2,071.93^<br>$2,683.00** |
| 1040 | 12/31/2008 | 06/22/2009 | $68,457.00 | $512.02 | $1,026.85^<br>$2,199.00** |

\* Late Filing Penalty - IRC § 6651(a)(1)

3

^ Late Payment Penalty - IRC § 6651(a)(2)
\*\* Estimated Tax Penalty - IRC § 6654

13.  Faulkner did not file a federal income tax return or voluntarily pay any income taxes for tax years 2005 and 2006.  Because Faulkner failed to file income tax returns, the Internal Revenue Service calculated the tax he owed on the income Faulkner earned in each of 2005 and 2006.

14.  After completing the examination, the IRS mailed a Notice of Deficiency for the unpaid income taxes it determined Faulkner owed for tax years 2005 and 2006 to his last known address.  Faulkner did not file a petition in Tax Court to redetermine the deficiencies proposed in that notice.

15.  On the dates and in the amounts set forth in the following table, a delegate of the Secretary of the Treasury properly assessed against Ronald R. Faulkner the federal income taxes the IRS determined for tax years 2005 and 2006, plus interest and statutory additions:

| TAX TYPE | TAX PERIOD | ASSESSMENT DATE | ASSESSED TAX | ASSESSED INTEREST | ASSESSED PENALTY |
|---|---|---|---|---|---|
| 1040 | 12/31/2005 | 1/12/2009 | $51,139.00 | $13,080.06 | $11,506.28\* $8,437.93^ $2,051.24\*\* |
| 1040 | 12/31/2006 | 11/17/2008 | $68,017.00 | $8,822.16 | $15,297.08\* $6,798.70^ $3,218.83\*\* |

\* Late Filing Penalty - IRC § 6651(a)(1)
^ Late Payment Penalty - IRC § 6651(a)(2)
\*\* Estimated Tax Penalty - IRC § 6654

16.  A delegate of the Secretary of the Treasury properly gave Faulkner notice of the unpaid taxes described in paragraphs 12 and 15, above, and made demand for their payment.  Despite notice and demand, Faulkner has not paid the taxes he owes.

17.  As of April 6, 2018, Faulkner owes $668,325.63 in unpaid income taxes,

4

penalties, and interest for the tax years described above, together with interest and statutory additions that continue to accrue.

18. The Internal Revenue Code generally requires the United States to commence a proceeding in court to collect an unpaid tax no later than 10 years from the date of assessment. Although the tax assessments against Faulkner for tax years 1999 – 2002 were made over 10 years ago, Faulkner submitted multiple requests for an installment agreement and at least one offer in compromise, all of which suspended the allowable period to commence this suit. Accordingly, this action to collect taxes for tax years 1999 – 2002 is timely.

## COUNT II – FORECLOSE FEDERAL TAX LIENS

19. The United States restates the allegations contained in paragraphs 5 through 18, above, as if fully stated herein.

20. As a result of the assessments described in paragraphs 12 and 15, above, federal tax liens in favor of the United States arose on the dates of assessment and attached to all of Ronald R. Faulkner's property and rights to property, including his interests in Property 1 and Property 2. Attached as **Exhibits D** and **E** to this complaint are the notices of federal tax lien that were recorded with the Clerk of the Circuit Court of Indian River County, Florida.

**A.   Property 1**

21. On or about October 12, 2007, Ronald and Joanne Faulkner jointly acquired an interest in Property 1 as evidenced by a Warranty Deed of the same date and recorded with the Clerk of the Circuit Court of Indian River County, Florida at Book 2211, Page 2150. The federal tax liens that arose upon assessment of Faulkner's income tax liabilities

for tax years 1999 – 2002 immediately attached to Faulkner's interest in Property 1.

22. By Quit Claim Deed dated September 11, 2008, and recorded with the Clerk of the Circuit Court of Indian River County, Florida at Book 2292, Pages 773–774, Ronald Faulkner purportedly transferred his interest in Property 1 to his wife, Joanne, for little or no consideration.

23. Faulkner remained the beneficial owner of Property 1 following his purported transfer of his interest to his wife in 2008. Indeed, Faulkner continued to reside at Property 1 and pay the costs associated with ownership, including the monthly mortgage.

24. Faulkner's transfer of his interest in Property 1 is fraudulent as to the United States and should be set aside under Fla. Stat. Ann. §§ 726.105 and 726.108(1)(a) because: the transfer was to an insider; Faulkner retained possession and/or control of the property after the transfer; the value of the consideration received by Faulkner was not reasonably equivalent to the value of the asset transferred; the transfer occurred shortly before Faulkner incurred a substantial debt for unpaid federal income taxes for tax years 2005 – 2007 and shortly after the IRS assessed income taxes against him for tax years 1999 – 2002; and, the transfer was made for the purpose of avoiding collection of those unpaid federal income taxes.

25. Faulkner and his wife owned Property 1 as tenants by the entireties prior to the fraudulent conveyance of his interest to Joanne. If that conveyance is set aside, Faulkner became the sole owner of Property 1 upon Joanne's death. Accordingly, Joanne's estate had no interest in Property 1 to convey, and the transfer of title to Daniel R. Faulkner on October 10, 2017, was void.

26. Alternatively, if Faulkner's transfer of his interest to Joanne is not set aside as

a fraudulent conveyance, the tax liens against Faulkner that arose before the transfer followed Property 1 into Joanne's hands and continue to encumber the property. Federal tax liens for tax years 2005 – 2008 attached to the interest in Property 1 that Faulkner acquired as an heir of Joanne's estate.

**B.   Property 2**

27.   Joanne Faulkner acquired an interest in Property 2 by Warranty Deed dated May 30, 2014, and recorded with the Clerk of the Circuit Court of Indian River County, Florida at Book 2762, Page 1034.

28.   Faulkner acquired an interest in Property 2 on April 14, 2015, as an heir of his wife's estate. Federal tax liens related to all of the tax years at issue attached to that interest.

29.   Daniel Faulkner acquired title to Property 2 on October 10, 2017, subject to the tax liens described above.

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A.   That the Court enter judgment in favor of the United States and against Ronald R. Faulkner in the amount of $668,325.63 for his unpaid federal income taxes, plus statutory additions and interest allowed by law until paid;

B.   That the Court set aside the transfer of Faulkner's interest in Property 1 to his wife as fraudulent;

C.   That the Court determine the United States has valid and enforceable tax liens on the Subject Properties;

D.   That this Court foreclose the federal tax liens on the Subject Properties and direct that the Subject Properties be sold according to law, free and clear of the liens and claims of the parties herein;

E. That this Court rank the various claims to the Subject Properties and order the net sales proceeds be distributed in accordance with that determination;

F. That this Court grant such other and further relief as it deems just and proper.

Dated: April 6, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


 s/ Nicholas S. Bahnsen
NICHOLAS S. BAHNSEN
S.D. Fla. Bar No. A5502098
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198, Ben Franklin Station
Telephone: (202) 616-3309
Facsimile: (202) 514-4963
Nicholas.S.Bahnsen@usdoj.gov

*of counsel*

BENJAMIN G. GREENBERG
United States Attorney
Southern District of Florida

Attorneys for Plaintiff the United States
 of America